Battle, J.
 

 When this case was before the Court at August Term, 1857, it was stated, that on the trial of the defendant, IT. B. Deaver, for forgery, i.n altering a certain note, the plaintiff, who was a witness, was asked whether he had not made an alteration in a
 
 warrant
 
 which had been issued on the note, to which he replied that he had not done so. Eor this, the defendants had taken out a warrant against him, for perjury, which, upon being returned before a justice, was dismissed, and he thereupon sued him for a malicious prosecution. This Court held upon that simple statement, that the answer to the question put to the plaintiff, as a witness, on the trial of H. B. Deaver, was immaterial to the issue, and if his answer to it was false, it could not be perjury in law, and thfe defendant might be guilty of a malicious prosecution, by taking out a warrant against him for it.
 

 The bill of exceptions in the present case, presents the facts in a very different light. It is stated that it was admitted that either II. B. Deaver or the plaintiff was guilty of the forgery in the alteration of the
 
 note:
 
 that, testimony was given tending to prove that the alteration, both in the
 
 note
 
 and the warrant, was in the same hand-writing, and in the same shade of ink. On the trial for the malicious prosecution, it was material for the defendant to show, if he could, that the plaintiff made the alteration in the warrant, because, if the jury should believe that the alteration in the
 
 warrant
 
 and
 
 note
 
 vrere in the same hand writing, it would show that he and not II. B. Dea-ver, had been guilty of forging the note. The testimony was, therefore, material and competent, and, if the plaintiff’s answer to the question were false, and he did make the alteration in the
 
 warrant,
 
 it followed that he was guilty of the perjury charged against him, and of course the defendant could not be guilty of the charge of prosecuting him for it, without a probable cause.
 

 The instructions given by his Honor to the jury, were as fa
 
 *566
 
 -vorable to the plaintiff as he had any right to require, and we do not discover any error in them, and as there was none in the reception of the testimony offered, to show that the plaintiff’s answer to the question put to him, on the trial of II. B. Heaver, for- forgery, was false, the judgment against him must be affirmed.
 

 Reii CuRiAM,, Judgment affirmed.